

IT IS ORDERED

Date Entered on Docket: January 16, 2019

_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BILLY JOE MOORE, | § | CASE NO. 18-12774-j7 |
| | § | |
| *Debtor* | § | CHAPTER 7 |

**DEFAULT ORDER GRANTING 21ST MORTGAGE CORPORATION
RELIEF FROM STAY AND ABANDONMENT OF 2006 MOBILE HOME**

This matter came before the Court on the Motion for Relief from Stay and to Abandon Property (Doc #11) (the "Motion"), filed on December 20, 2018, by 21ST Mortgage Corporation, a secured creditor in the above-entitled and numbered case ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On December 20, 2018, Movant served the Motion and Notice of the Motion (the "Notice") on counsel of record for the Debtor and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor and all parties on the matrix by

United States First Class U.S. Mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following personal property: 2006 Ehid Solitaire R380S Manufactured Home, Serial Number EHID-OK-E760 ;

(c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on January 14, 2019;

(f) As of January 15, 2019, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on January 14, 2018, she searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. The automatic stay pursuant to 11 U.S.C. Section 362 is hereby modified to allow Movant to enforce all of its contract, state law, and/or other rights against the Mobile Home.

2. The automatic stay is modified to permit the Movant, to the extent permitted by applicable non-bankruptcy law, to repossess the Mobile Home and otherwise enforce all its rights with regard to the Mobile Home, including any rights to sell the Mobile Home by judicial or non-judicial means and apply the proceeds therefrom to the obligation owed to Movant by the Debtor,

and doing whatever else may be necessary to preserve and conserve the Mobile Home. The automatic stay is further modified to the same extent in favor of all other persons claiming a lien on the Mobile Home.

3. The Trustee is deemed to have abandoned the Mobile Home from the estate pursuant to 11 U.S.C. §554, and the Mobile Home no longer is property of the estate. Therefore, Movant need not name the Trustee as a defendant in any state court action it may pursue to with respect to the Mobile Home and need not notify the Trustee of any sale of the Mobile Home.

4. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Mobile Home in accordance with applicable non-bankruptcy law.

5. This Order does not waive Movant's claim against the bankruptcy estate for any deficiency owed by the Debtor after disposition of the Mobile Home. Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor owes any amount after the sale of the Mobile Home.

6. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

7. Movant may contact Debtor directly to confirm intent to retain or surrender the Mobile Home, and to determine the location of the Mobile Home.

8. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

### END OF ORDER ###

Submitted by:

*/s/ Susan P. Crawford*
Susan P. Crawford
CRADDOCK DAVIS & KRAUSE LLP
210 Montezuma Ave. Ste..200
Santa Fe, NM 87501
505 820 3368
214-336 6430 (Direct)
214-750-3551 (Fax)

ATTORNEYS FOR MOVANT
21st MORTGAGE CORPORATION

**Copies to:**

**Debtors**
Billy Joe Moore
333 W. Brasher Rd., #12
Roswell, NM 88203

Celia J. Moore *(non-filing spouse)*
333 W. Brasher Rd., #12
Roswell, NM 88203

**Counsel for Debtor**
R. Matthew Bristol
P. O. Box 2929
Roswell, NM 88202-2929

**Trustee**
Clarke C. Coll
P O Box 2288
Roswell, NM 88240-2288

-4-

**U. S. Trustee**
United States Trustee
PO Box 608
Albuquerque, NM 87103-0608